# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:20-cr-320-WFJ-CPT

ZINA CAMERON
_____/

## ORDER

    Citing Amendment 821 to the United States Sentencing Guidelines, Zina Cameron, USM#: 14135-509, moves (Dkt. 105) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

    Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On June 10, 2022, Zina Cameron was sentenced under 21 U.S.C. §§ 841(b)(1)(A) and 846 to 60 months. Zina Cameron's total offense level was 25. She was assessed no criminal history points, and her criminal history was category I.  Ms. Cameron's advisory sentencing range was 57-71 months, and she received a sentence near the bottom of the advisory range.  The Bureau of Prisons reports that her projected release is August 24, 2025.[1]

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States

---

[1] The BOP website shows that her release date is June 25, 2025.  *See* https://www.bop.gov/inmateloc/ (last checked 10/29/24).

2

Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Zina Cameron is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 23 and reduces her advisory sentencing range to 46-57.  The Federal Defender appears, confirms Zina Cameron's eligibility for a reduction, and moves unopposed to reduce her sentence to 46 months (a 14-month reduction in sentence).

      The Court exercises its discretion to deny such a reduction.  The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a).  The nature of the offense conduct shows that under 18 U.S.C. U.S.C. § 3553(a)(1) and (a)(2)(A), statutory considerations counsel against a reduction.  The offense involved at least five kilograms of cocaine and records showed a deposit of nearly $1 million during the conspiracy.  And she has an impaired historical record of law abidingness, although none of that scored on the guidelines.  Further, in a fairly short period of time Movant has received several disciplinary violations at her institution.

      The Court finds that the sentencing factors in 18 U.S.C. § 3553(a) require this motion be denied.  The current sentence is in line with those factors,

specifically and properly reflecting the "nature and circumstances of the offense" after input and consideration of the present motion, and also after the detailed input and the parties', USPO's, and judicial careful labor at the time of sentencing. *See id.* at (a)(1) (consideration of nature and circumstances of the offense). To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (2)(B)) and deterrence would be impaired by this proposed reduction.

Zina Cameron's motion (Dkt. 105) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on October 29, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE